UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GREGORY G. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-146-RWS |
| | ) | |
| NICOLE GREEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Gregory G. Jones for leave to commence this civil action without prepayment of the required filing fee. The Court has reviewed the motion and the financial information submitted in support, and will grant the motion and waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4). In addition, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing that no deposits have been made to his account, and that he has a negative account balance. For this reason, the Court will waive the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.") However, plaintiff is not excused from paying the filing fee. The agency having custody of plaintiff will be directed to begin forwarding payments from plaintiff's inmate account, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v.*

*Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pretrial detainee at the Dunklin County Justice Center. He brings this action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA") against Jail Administrator Nicole Green, Lead Supervisor Jimmy Smith, Sheriff Bob Holder, Nurse Ashley Green, Dr. Unknown Pewitt, and the Dunklin County Justice Center.

The complaint is often illegible. It includes a long narrative describing various events that occurred since plaintiff's arrival at the jail, and attempts to set forth various claims. For example, plaintiff states he was not given his regular seizure disorder medication, he was not permitted to have a bottom bunk, he lacked a handicap-accessible shower, he was denied prompt medical care following a seizure, the jail is overcrowded, he was denied recreation, he was denied various ADA accommodations, he was placed in B pod in retaliation for filing a lawsuit and grievances, there are charges for various fees on his inmate account, federal and state prisoners are treated differently, and other such allegations. Plaintiff refers to misconduct on the part of individuals he does not identify by name, and concludes that the named defendants are responsible. He also often lists the names of several defendants and then states, in conclusory

3

fashion, that they violated his rights. Plaintiff appears to attempt to assert claims on behalf of other inmates, and he also appears to allege unrelated claims against not one but six defendants. He seeks declaratory, injunctive, and monetary relief.

## Discussion

The Federal Rules of Civil Procedure provide, in relevant part, that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). They also provide that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As described above, the complaint contains a long narrative instead of a short and plain statement of plaintiff's claims, and plaintiff's allegations are not simple, concise and direct. In addition, plaintiff lists groups of defendants and states in conclusory terms that his rights were violated instead of alleging specific facts showing what each named defendant did to violate his rights. Plaintiff also appears to attempt to assert several unrelated claims against a group of defendants, and he appears to attempt to bring claims on behalf of the inmate population as a whole, neither of which is permissible. The Court recognizes that plaintiff is representing himself in these proceedings, but even pro se plaintiffs are expected to follow the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (generally, "pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure.")

Because plaintiff is proceeding pro se, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff should select the claim(s) he wishes to pursue, and limit the factual allegations to only the defendant(s) who were actually involved. If plaintiff names more than one defendant, he must only assert claims that are related to each other. In the

alternative, plaintiff may name one single defendant, and then set forth as many claims as he has against him or her. Plaintiff must prepare the amended complaint using a Court-provided form, and he must specify whether he intends to sue each defendant in an official capacity, individual capacity, or both.[1]

In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that defendant. If plaintiff is suing more than one defendant, he should do the same thing for each one, separately writing each defendant's name and, under that name, a short and plain statement of the factual allegations supporting his claim against that defendant. It is not sufficient to list a group of defendants and say they violated his rights. Instead, plaintiff must allege facts showing how each and every defendant is directly responsible for the alleged harm. The allegations must be simple, concise and direct, and the numbered paragraphs must each be limited to a single set of circumstances.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific and actionable allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the $350 filing fee is paid in full.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 8th day of February, 2018.

*/s/ Rodney W. Sippel*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE